IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEBORAH STANLEY                                                              PLAINTIFF

v.                                  CASE NO. 5:08-CV-0004 BSM

TYSON FOODS, INC.                                                            DEFENDANT

### **ORDER**

Pending before the court are defendant's motion to strike the report of plaintiff's expert, or in the alternative, for an extension of time to respond to plaintiff's motion for class certification [Doc. # 72] and plaintiff's response [Doc. # 79].

*I. Background Facts:*

In a November 5, 2008 order [Doc. #57], plaintiff was ordered to disclose to the defendant the name of her expert witness, provide defendant with a copy of her expert witness's report, and file her motion for class certification within fourteen days. On November 19, 2008, plaintiff filed a motion for class certification. In the motion, plaintiff requested leave to amend her motion once her expert had reviewed documents produced by defendant. Plaintiff's motion requesting leave to amend was denied on November 24, 2008. The following day, plaintiff filed a "Notice" attaching her expert report; however, instead of attaching her expert report, a report in support of a previous discovery motion was attached. A notice of docket correction was filed on December 2, 2008, attaching the correct report. On November 25, 2008, in her response to defendant's motion for protective order, plaintiff

renewed her request for leave to later amend her motion for class certification.  In an order entered on December 12, 2008, the court again denied plaintiff's request to later amend her motion for class certification.

## II.  Discussion:

Federal Rule of Civil Procedure 16 permits the district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline. *Firefighters' Inst. For Racial Equal. v. City of St. Louis*, 220 F.3d 898, *902 (8th Cir. 2000). In the context of a failure to meet the expert disclosure deadline, Rule 16 is buttressed by the sanctions imposed by Rule 37 (c)(1) of the Federal Rules of Civil Procedure, which requires exclusion of an expert's opinion if disclosures are not timely made.  *North Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, *1145 (D. Minn. 2003); *Engleson v. Little Falls Area Chamber of Commerce*, 210 F.R.D. 667, *669 (D. Minn. 2002).

While sanctions under Rule 37(c)(1) are mandatory, exclusion of evidence should not apply if the offending party's failure was substantially justified or if the failure was harmless. *North Star*, 269 F. Supp. 2d at *1145; *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp.2d 788, *795 (D. Minn. 2000).  These exceptions to Rule 37(c)(1)'s imperative serve to avoid unduly harsh penalties that may result from an inflexible application of the Rule. *Northstar*, 269 F. Supp. 2d at *1145; *Transclean*, 101 F. Supp. 2d at *795.  In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the court should consider the following four factors in assessing the substantiality of any proffered

justification for the failure to disclose, as well as the harmlessness of that failure; (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used at trial, or on a motion; and (4) the availability of a continuance to cure such prejudice. *North Star*, 269 F. Supp. 2d *1145; *Transclean*, 101 F. Supp. 2d at *795-96.

Plaintiff responds that her failure to identify her expert witness, as well as her failure to disclose her expert witness report, was substantially justified. She states that despite defendant being compelled by the court to provide plaintiff with certain information, defendant provided the information mere days before plaintiff's motion to certify class was due. The court is not swayed by the plaintiff's reason.

Plaintiff's expert witness and motion for class certification were due on November 19, 2008. Plaintiff managed to timely file her motion for class certification but failed to timely file her expert witness report. In an effort to get her expert witness report before the court, plaintiff has twice sought leave to later amend her motion for class certification and each time leave to amend has been denied. If the court were to now allow her to submit her expert witness report, the defendant would suffer undue prejudice.

### *III. Conclusions*

The deadline for the filing of plaintiff's expert witness report was November 19, 2008. Plaintiff has twice been informed by the court that she would not be allowed to later amend her motion for class certification so as to include her untimely expert report. The manner in

which plaintiff has chosen to file her expert witness report is an attempt to circumvent the court's prior orders. Defendant's motion to strike plaintiff's expert witness report [Doc. # 72] is granted.

    IT IS SO ORDERED this 22nd day of December, 2008.

                                                                   _____
                                                                   UNITED STATES DISTRICT JUDGE